# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

GAIL GARNER as Administratrix of the Estate of
Angelo Palermo,

                               Plaintiff,            DECISION & ORDER

            -vs-                                  11-CV-6567-CJS

NGC BODILY INJURY TRUST,

                              Defendant.

---

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Michael J. Crosby, Esq.<br>22 Parkview Manor Circle<br>Honeoye, NY 14472<br>(585) 230-7575 |
| For Defendants: | Judith A. Yavitz, Esq.<br>Darger Errante Yavitz & Blau LLP<br>116 East 27th Street, 12th Floor<br>New York, NY 10016<br>(212) 452-5300 |

## INTRODUCTION

**Siragusa, J.** This diversity asbestos litigation case is before the Court on Defendant's motion to dismiss, filed on April 4, 2012, ECF No. 9, and Plaintiff's cross-motions for (1) leave to amend, filed May 9, 2012, ECF No.18, and (2) leave to file sur-reply, filed June 12, 2012, ECF No. 23. For the reasons stated below, Defendant's motion to dismiss is granted and Plaintiff's applications are denied as futile.

## BACKGROUND

The following facts are taken from the Complaint, filed November 17, 2011, ECF No. 1, and the documents referred to in the complaint or upon which the complaint relies. *See*

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."). This action is brought by Gail Garner ("Plaintiff") as administratrix of the estate of her father, Angelo Palermo ("Palermo"). NGC Bodily Injury Trust ("Defendant," or "Trust") is the trust, established in bankruptcy, which assumed asbestos claim liability for National Gypsum Company. During Palermo's life, National Gypsum Company was the market leader in the manufacture, sale, and distribution of asbestos-containing construction insulation products.

Palermo worked as a union insulation mason in the construction industry for various employers from 1937 until 1966. Palermo was exposed to asbestos-containing construction and insulation materials at work, including personally handling and spray coating various asbestos-containing materials. Plaintiff alleges that "[a]s a union mason, [Palermo] would have worked with National Gypsum Company construction and insulation products regularly." Compl. ¶ 14. Palermo also worked for National Gypsum Company directly in 1958.

Palermo died on April 23, 1966, at age 51. He was survived at the time of his death by his wife and three children, including Plaintiff. The death certificate stated that Palermo's cause of death was "acute liver failure due to metastatic cancer due to primary stomach." *Id.* ¶ 20; Exhibit, Garner Decl., May 2, 2012, ECF No. 14.[1] The doctor who signed the death certificate was a resident at the time, and went on to practice cosmetic surgery.[2]

---

[1] The death certificate is referenced in the Complaint, thus considered part of the complaint.

[2] This information is contained in Garner's declaration, thus, not part of the complaint. However, it is also contained in this Court's decision in a predecessor case, *Garner v. DII*

Plaintiff alleges that Palermo's family did not suspect asbestos exposure as the cause of Palermo's death until 2000, when the family learned that a co-worker of Palermo was diagnosed with mesothelioma.[3] Since then, four other asbestos claim trusts have provided compensation to Palermo's family for Palermo's work-related asbestos exposure.

Nation Gypsum Company filed for bankruptcy protection in 1990. In 1993, National Gypsum Company was restructured and renamed Asbestos Claim Management Corporation ("ACMC"). In 2002, ACMC again had to file for bankruptcy reorganization under Chapter 11. The Texas Bankruptcy Court approved the new reorganization plan, which included the creation of Defendant NGC Bodily Injury Trust to resolve all asbestos-related bodily injury claims. The plan was subsequently confirmed by the Texas District Court on August 6, 2003. During the bankruptcy reorganization process, all claims against Defendant were tolled.

Plaintiff filed a claim on behalf of Palermo with Defendant on March 11, 2004. Defendant evaluated Plaintiff's claim using the court approved Claims Resolution Procedures ("CRP") and determined there was insufficient evidence to prove Palermo died of mesothelioma. Plaintiff then requested that the Trust consider Palermo's claim as an Extraordinary Claim under the CRP. The Trust denied this request. Next, Plaintiff requested nonbinding arbitration to review the Trust's decision. Such arbitration was held, and the Trust's denial of Palermo's claim was affirmed. Finally, Plaintiff rejected the

---

*Industries, LLC*, No. 10-CV-6345-CJS, 2011 U.S. Dist. LEXIS 15072, at *3 (W.D.N.Y. Feb 15, 2011).

[3]Plaintiff later states in her declaration that Palermo's family learned of the co-worker's diagnosis in September 1999, and not in 2000 as indicated in the complaint. *See* Garner Decl. ¶ 15, May 2, 2012, ECF No. 13. This disparity, though, does not affect the disposition of the case.

nonbinding arbitration award and requested permission to commence this lawsuit, which the Trust granted on August 30, 2011. Plaintiff filed this action in on November 17, 2011.

Plaintiff also previously filed a similar action on April 5, 2010, against DII Industries, LLC ("DII Industries"). *Garner v. DII Industries, LLC*, No. 10-CV-6345-CJS, 2011 WL 573567, *1 (W.D.N.Y. Feb. 15, 2011) ("*Garner I*"). The defendants in that action had assumed asbestos claim liability for Harbison-Walker, among others, and Plaintiff alleged that they were liable for Palermo's death. *Id.* at *2. The claim was removed from New York State Supreme Court to this Court, and DII Industries filed a motion to dismiss on August 4, 2010. *Id.* at *1. In its Decision and Order dated February 15, 2011, this Court granted defendant's motion to dismiss on statute of limitations grounds. *Id.* at *5. The Court held that Plaintiff's claims of personal injury due to asbestos exposure accrued from the time they were aware of the injury, specifically at the time of Palermo's death in 1966. *Id.*

In the present action, Plaintiff alleges that Defendant is liable for Palermo's death. Plaintiff also makes claims of fraud and breach of fiduciary duty.[4] Defendants filed a motion to dismiss the complaint on April 3, 2012, ECF No. 9, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that Plaintiff's claims are barred by collateral estoppel, the applicable statute of limitations, and other available defenses. Plaintiff responded in opposition to Defendant's motion on May 2, 2012, ECF No. 12, and moved for leave to amend the complaint and response on May 9, 2012, ECF No. 18. Additionally, after Defendant filed reply papers, Plaintiff filed motion for leave to file sur-reply in opposition to Defendant's

---

[4]Plaintiff's Proposed Amended Complaint, May 9, 2012, ECF No. 18-2, and supporting Affidavit, May 9, 2012, ECF No. 18, however, seek to withdraw Plaintiff's "Sixth Cause of Action," which alleged breach of fiduciary duty.

motion to dismiss, ECF No. 23.

## STANDARDS OF LAW

### *Motion to Dismiss*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 555 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur*

*Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(citing *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

### *New York Statute of Limitations*

Under New York Civil Practice Law and Rules, personal injury claims must be brought within three years. N.Y. C.P.L.R. § 214(5) (McKinney's 2012). In 1986, however, § 214-c was enacted as a remedial measure for actions resulting from the exposure of harmful substances. The purpose of this provision was to provide relief to individuals whose latent injuries did not manifest within three years of exposure, and thus, would have otherwise been barred. *See Jensen v. General Elec. Co.*, 82 N.Y.2d 77, 84 (1993). The statute provides:

> the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced *shall be computed from the date of discovery of the injury* by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

N.Y. C.P.L.R. § 214-c(2) (McKinney's 2012) (emphasis added). In determining the meaning of "discovery of the injury" as used in § 214-c, the New York Court of Appeals has held:

> It is apparent from [the legislative] history that, in enacting a new "discovery" rule for the commencement of toxic torts, the Legislature had in mind *only the discovery of the manifestations or symptoms of the latent disease* that the harmful substance produced. . . . Given that narrow focus, the only reasonable inference is that when the Legislature used the phrase "discovery of injury" it meant discovery of the physical condition and not, as plaintiff argues, the more complex concept of discovery of both the condition and the nonorganic etiology of that condition.

*Wetherill v. Eli Lily & Co.* (*In re N.Y. County DES Litig.*), 89 N.Y.2d 506, 514 (1997) (emphasis added).

Section 214-c, subsection (4) provides additional relief where the individual discovers the injury, but does not make the connection between the injury and the toxic cause of the injury within the three year period, as computed by subsection (2). In such a case, if the individual discovers the cause within five years of discovering the physical injury, that individual is allowed to timely file suit within one year of discovering the cause. N.Y. C.P.L.R. § 214-c(4) (McKinney's 2012). However, in order to invoke § 214-c(4) the claimant must show "that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the [three year] period." *Id.*

## ANALYSIS

### *Personal Injury Claims*

Plaintiff claims that Defendant is liable for the personal injuries Palermo sustained as a result of his exposure to Defendant's asbestos containing products. Compl. ¶¶ 44-51, 59-69. Defendant contends that Plaintiff's claims are barred first, by collateral estoppel, and second, by the applicable statute of limitations.

The doctrine of collateral estoppel, or, issue preclusion, forecloses a party from relitigating an issue in a subsequent proceeding that was clearly raised in a prior proceeding and was necessarily decided against that party. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). The Second Circuit has held that in order for collateral estoppel to apply:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986). The Court finds that Plaintiff's

personal injury claims are barred by the doctrine of collateral estoppel.

In *Garner I*, Plaintiff brought a personal injury claim against DII Industries arising from the same facts and circumstances as Plaintiff's personal injury claims in the present action. The issue of the proper accrual date in that action is identical to the issue in the present action. This Court decided that Plaintiff's personal injury cause of action accrued from the time of Palermo's death in 1966, when Plaintiff had full knowledge of the claimed injury. *Garner I*, 2011 WL 573567 at *5. Therefore, the doctrine of collateral estoppel precludes Plaintiff from arguing a different accrual date in the present action.

However, Plaintiff maintains that collateral estoppel does not apply because Plaintiff appealed the prior decision, but settled before the appeal reached determination on the merits. The Court disagrees. First, the fact that Plaintiff resolved her appeal by settlement means that Plaintiff had full opportunity to litigate the issue decided in *Garner I*. Cf. *Johnson v. Watkins*, 101 F.3d 792 (2d Cir. 1996) (collateral estoppel does not apply "[i]f a party has not had an opportunity to appeal an adverse finding"). Second, even if there were an unresolved appeal, that would not foreclose the application of collateral estoppel. *Sherman v. Jacobson*, 247 F.Supp. 261, 270 (S.D.N.Y. 1965) ("Generally, the possibility of appeal . . . does not prevent the application of the doctrine of collateral estoppel."); *see also Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) (pending appeal does not detract from the decision's decisiveness).

Moreover, even if the doctrine of collateral estoppel did not apply, the Court finds that Plaintiff's action would be barred by the New York statute of limitations. The discovery of the injury for the purposes of § 214-c is the time "the manifestations or symptoms of the latent disease" became apparent. *Wetherill*, 89 N.Y.2d at 514. In Palermo's case, the latest

possible date of discovery of his injury was at the time of his death in 1966. The alleged discovery in 1999 is, by definition, a discovery of the *cause* of the injury and not, as Plaintiff argues, discovery of the injury itself. *See id.* at 513 ("[D]iscovery that a plaintiff's symptoms were attributable to an injury inflicted by an outside force is the same as "discovery of the cause of the injury" within the meaning of CPLR 214-c(4) . . . ."). Even if New York's "second injury rule" applies, as Plaintiff contends, the physical symptoms of the alleged injury to Palermo's mesothelial cells were apparent at the time of Palermo's death. *See Fusaro v. Porter-Hayden Co.*, 548 N.Y.S.2d 856, 860 (N.Y. Sup. Ct. 1989) ("[T]he time to commence litigation does not begin to run on a separate and distinct injury until that disease becomes manifest.")*.* Thus, given that death is a clear manifestation of the injury, the "second" injury would accrue from 1966 as well.

Plaintiff further maintains that the New York state limitations period is preempted by the Federal accrual date provided by the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), codified in 42 U.S.C. § 9658. This statute provides that actions for personal injury "caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility" shall accrue from "the date the plaintiff knew (or reasonably should have known) that the personal injury . . . [was] caused or contributed to by the hazardous substance." 42 U.S.C. § 9658. Plaintiff is incorrect, however, in asserting that this Federal accrual date applies to the present action. It is clear that exposure to asbestos in the workplace does not constitute a release into the environment, as required by the statute. 42 U.S.C. § 9601(22) ("The term "release" . . . excludes (A) any release which results in exposure to persons solely within a workplace . . . ."); *Covalt v. Carey Canada Inc.*, 860 F.2d 1434,

1439 (7th Cir. 1988) (CERCLA accrual date does not apply to workplace asbestos exposure); *Ruffing v. Union Carbide Corp.*, 746 N.Y.S.2d 350, 362 (N.Y. Sup. Ct. 2002) (exposure to hazardous material within the workplace does not trigger CERCLA). Thus, CERCLA provides no relief for Plaintiff and the State statute of limitation applies.

Finally, Plaintiff argues that the Trust waived its right to assert a statute of limitations defense. Plaintiff reasons that because the Trust evaluated Palermo's claim on the merits during the claims resolution process, the trust is estopped from raising a limitations defense in this action. Pl.'s Mem. In Opposition, May 2, 2012 at 19, ECF No. 12. However, under the Federal Rules of Civil Procedure, the statute of limitations is an affirmative defense that is only waived if it is not raised in a responsive pleading. Fed. R. Civ. P. 12(h); *Santos v. Dist. Council of New York City,* 619 F.2d 963, 967 (2d Cir. 1980) ("[T]he statute of limitations constitutes an affirmative defense, to be asserted in a responsive pleading."). Furthermore, the Trust's CRP specifically reserves all defenses if a claim resorts to a lawsuit. First Am. Claims Resolution Procedures at 14-15, Hilton Decl., Exhibit D, May 16, 2012, ECF No. 21-4 ("All claims and defenses that exist under the law of the Applicable Jurisdiction shall be available to both sides at trial.").[5] Thus, the statute of limitations defense was not waived by the Trust and was properly asserted in Defendant's motion to dismiss.

***Wrongful Death Claim***

In addition to the personal injury claims, Plaintiff makes a claim of wrongful death against the Trust. Compl. ¶¶ 70-75. Defendant has responded that Plaintiff's wrongful

---

[5]The CRP is referenced in the Complaint and therefore is considered part of the complaint. *See* Compl. ¶¶ 27, 32-33, 38-39.

death claim is barred by the two year statute of limitations under New York law. The Court agrees that Plaintiff's wrongful death claim is also barred. Section 5-4.1 of the New York Estates, Powers and Trusts Law (McKinney's 2003) provides that "an action to recover damages for a wrongful act, neglect or default which caused the decedent's death" shall be commenced "within two years after the decedent's death." Accordingly, Plaintiff's wrongful death claim was barred from two years after Palermo's death in 1966.

### *Fraud Claim*

Plaintiff also makes a claim of fraudulent misrepresentations against the Trust. Compl. ¶¶ 52-58. Plaintiff's allegations, in relevant part, consist of the following:

> Upon information and belief, National Gypsum Company engaged in concerted action with other manufacturers and sellers of construction and insulation materials containing asbestos to conceal full knowledge about the hazards of asbestos from the public, purchasers, employees and end-users such as Angelo Palermo.

*Id.* ¶ 56. Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud be pled with particularity. This requires that the plaintiff: "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996). Plaintiff's allegations fail to meet these particularity requirements. Since Plaintiff's Proposed Amended Complaint fails to remedy the particularity deficiencies, Plaintiff's motion for leave to amend the complaint, ECF No. 18, is denied as futile. *Foman v. Davis*, 371 U.S. 178, 182-83 (1962). Plaintiff's motion for leave to file sur-reply is likewise futile,

considering all of Plaintiff's claims are subject to dismissal.[6] *Id.*

## CONCLUSION

Although the Court is sympathetic to Ms. Garner's position regarding the loss of her father, the law requires that Defendant's motion to dismiss the complaint, ECF No. 9, be granted in its entirety. As a result, Plaintiff's motions for leave to amend, ECF No.18, and leave to file sur-reply, ECF No. 23, are denied as futile. The Clerk shall enter judgment for Defendant and close the case.

IT IS SO ORDERED.

Dated: August 15, 2012
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[6] The Court received a message from Plaintiff requesting leave to file reply papers regarding Plaintiff's motion for leave to file sur-reply (ECF No. 23). Plaintiff correctly noted in her motion that W.D.N.Y. Loc. R. Civ. P. 7(b)(2)(B) requires such reply to be filed within seven days of service of responding papers, which Plaintiff failed to do. Furthermore, the Court finds no reason to grant Plaintiff leave to file a reply in defense of her sur-reply motion because the proposed sur-reply merely restates arguments already contained in Plaintiff's response memorandum.